```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MELVIN VALENCIA,

                    Plaintiff,
                                        MEMORANDUM & ORDER
       -against-                        18-CV-3564(JS)(AYS)

DR. JUAN GOEZ, SOUTH NASSAU
COMMUNITY HOSPITAL, SHERIFF MICHAEL
SPOSATO, NASSAU COUNTY EXECUTIVE
LAURA CURRAN, DIRECTOR DOCTOR DONNA
HENIG, and NASSAU HEALTHCARE
CORPORATION,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Melvin Valencia, pro se
                   18-A-3381
                   Franklin Correctional Facility
                   62 Bare Hill Road
                   PO Box 10
                   Malone, New York 12953-0010

For Defendants:    No appearances.
```

SEYBERT, District Judge:

On June 18, 2018, incarcerated pro se plaintiff Melvin Valencia ("Plaintiff") filed an unsigned civil rights Complaint brought pursuant to 28 U.S.C. § 1983 ("Section 1983") together with an incomplete application to proceed in forma pauperis and the required Prisoner Litigation Authorization form ("PLRA"). (See Docket Entries 1-3.) Accordingly, by Notice of Deficiency dated June 19, 2018, Plaintiff was instructed to sign the enclosed copy of his Complaint and to complete and return the enclosed application to proceed in forma pauperis. (See D.E. 4.) On

June 28, 2018, Plaintiff timely filed a complete application to proceed in forma pauperis and a signed copy of the Complaint. (Compl., D.E. 7; Mot., D.E. 8.) The Complaint is against Dr. Juan Goez ("Dr. Goez"), South Nassau Community Hospital ("South Nassau"), Sheriff Michael Sposato ("Sheriff Sposato"), Nassau County Executive Laura Curran ("County Executive Curran"), "Director Doctor Donna Henig" ("Dr. Henig"), and Nassau Healthcare Corporation ("NHCC" and collectively, "Defendants").

For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED, but the Complaint is DISMISSED WITHOUT PREJUDICE.

BACKGROUND

Plaintiff's Complaint is submitted on the Court's Section 1983 Complaint form with an additional three pages attached. According to the Complaint, in September 2016, before his incarceration, Plaintiff had an unspecified surgery on his right foot by Dr. Goez at South Nassau. Plaintiff claims that, after the operation, Dr. Goez advised him that, once his foot heals completely, he will be able to run "or even play soccer." (Compl. at 4.) However, Plaintiff alleges that, after he slipped and fell on a wet surface while incarcerated at the Nassau County Correctional Center (the "Jail") in 2017, Plaintiff suffered neck

and back injuries as well as "injury to my right foot." (Compl. at 5.) According to Plaintiff, an x-ray taken after his fall showed that "the screw in my right foot was broken in half." (Compl. at 6.)

Plaintiff alleges that Sheriff Sposato is responsible for maintaining the Jail in a safe condition and that he failed to do so because there are many wet floors at the Jail when it rains and there are no "wet floor" signs posted. (Compl. at 5.) Plaintiff also alleges that County Executive Curran is responsible for the conditions at the Jail. (Compl. at p. 7.) In addition, Plaintiff complains that although he was initially told by an unidentified person that he needed surgery after his fall at the Jail, he was later told that surgery is not necessary and that "if I want the surgery I'll have to do that when I go home." (Compl. at 6.)

Based on the foregoing, Plaintiff seeks to recover a monetary award against the Defendants in the total sum of ten million dollars as well as an "operation on my foot" and unspecified "treatment for my neck and back injuries." (Compl. at 7.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Standard of Review

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.

Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person

5

who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a "plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity" must sufficiently plead that the "supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010) ("[Plaintiff's] claims against [Defendant]

6

failed as a matter of law because [Plaintiff] failed to allege sufficient personal involvement on [Defendant's] part to make him liable under § 1983.")  See, e.g., Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998).  With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

    A.    <u>Claims Against Dr. Goez and South Nassau</u>

Plaintiff seeks to impose Section 1983 liability on Dr. Goez and South Nassau.  However, neither of these Defendants are state actors or act under color of state law.  It is well-established that Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'"  Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)).  Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action."  Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action."  (internal quotation marks and citation omitted)).  Indeed, "the under-color-of-state-

law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Here, as is readily apparent, insofar as Plaintiff seeks to impose Section 1983 liability upon purely private parties—Dr. Goez and South Nassau—such claims are implausible. Because Section 1983 liability does not extend to private actors,[1] Plaintiff's Section 1983 claims against Dr. Goez and South Nassau are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

B. Claims Against Sheriff Sposato, County Executive Curran and Dr. Henig

As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 6; Rivera, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413

---

[1] Although not alleged here, private actors may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was "'[a] willful participant in joint activity with the State or its agents'" or conspired with a state actor to violate a plaintiff's constitutional rights. Ciambriello v. Cty. of Nassau, 292 F.3d 307, 323-24 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)).

8

(S.D.N.Y. 2007) ("'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate personal involvement by any of these Defendants, namely Sheriff Sposato, County Executive Curran, and Dr. Henig, regarding the events alleged in the Complaint and it appears that Plaintiff seeks to impose liability against these individuals based solely on the supervisory positions they hold. Wholly absent from the Complaint are any allegations sufficient to establish any personal involvement by any of these individuals in the unlawful conduct of which Plaintiff complains. Accordingly, Plaintiff's claims against Sheriff Sposato, County Executive Curran, and Dr. Henig are not plausible and are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

C. <u>Claims Against NHCC</u>

Plaintiff also names the NHCC as a Defendant. Public benefit corporations, such as the NHCC, are municipal entities for the purpose of Section 1983. <u>See</u>, <u>e.g.</u>, <u>McGrath v. Nassau Health Care Corp.</u>, 217 F. Supp. 2d 319, 330 (E.D.N.Y. 2002) ("Public benefit corporations are governmental entities for Section 1983's purposes."); <u>Estes-El v. N.Y. Dep't of Motor Vehicles Office of Admin. Adjudication Traffic Violation Bureau</u>, No. 95-CV-3454, 1997 WL 342481, at *4 (S.D.N.Y. June 23, 1997) (holding that the liability of a public benefit corporation under Section 1983 "is governed by the principles set forth in <u>Monell</u>[2] . . . and its progeny."); <u>Sewell v. N.Y. City Transit Auth.</u>, Nos. 90-CV-3734, 91-CV1274, 1992 WL 202418, at *2 (E.D.N.Y. Feb. 10, 1992) ("The 'policy or custom' requirement of <u>Monell</u> applies to public corporations as well as to municipalities. . . . Hence, in order to maintain a cause of action under Section 1983 against [a public benefit corporation], the plaintiff must plead that an impermissible 'policy or custom' of that public benefit corporation denied him his federal rights."); <u>see</u> <u>also</u> <u>Dangler v. N.Y. City Off Track Betting Corp.</u>, 193 F.3d 130, 142-43 (2d Cir.

---

[2] <u>Monnell v. N.Y. City Dep't of Social Servs.</u>, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)

1999) (applying Monell to claims against the OTB, a public benefit corporation). "Accordingly, to maintain actions brought under Section 1983 against public benefit corporations, plaintiffs must show that those corporations maintained a custom or policy that deprived them of a constitutional right." McGrath, 917 F. Supp. 2d at 330; see also Connick v. Thompson, 563 U.S. 51, 60-61, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 658, 690-91; Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (holding that in order to prevail on a Section 1983 claim against a municipal entity or public benefit corporation, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality [or public benefit corporation] caused the constitutional injury.").

Here, as is readily apparent, Plaintiff has not alleged any "injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the [NHCC] or by a[n] [NHCC] official responsible for establishing final policy." Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotation marks

11

and citation omitted). Accordingly, Plaintiff's claims against the NHCC are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend the Complaint should be granted. Insofar as Plaintiff seeks to impose Section 1983 liability based on a "slip and fall" at the Jail, leave to file an Amended Complaint is DENIED. It is clear that this claim does not implicate a constitutional deprivation. At best, Plaintiff has alleged a negligence claim. Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664-65, 88 L. Ed. 2d 662 (1986) (negligence claims do not rise to the level of a constitutional violation); see also Carr v. Canty, No. 10-CV-3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) (second and third alteration in original) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [ ] alleges that the individual defendants had notice of the wet condition but failed to address it.'"), quoting Edwards v. City of

12

N.Y., No. 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009); Jennings v. Horn, No. 05-CV-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution.").

However, in an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against Defendant(s) relating to the adequacy of the medical treatment at the Jail following the fall. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order ("M&O"), 18-CV-3564(JS)(AYS), and shall be filed within thirty (30) days from the date of this M&O. Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint.

Alternatively, Plaintiff may elect to pursue only his state law negligence claims in state court, rather than amend his Complaint in this Court. However, should Plaintiff choose to file an Amended Complaint in this Court, he may include his negligence claims therein and invoke this Court's supplemental jurisdiction over such state law claims.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the claims against Dr. Goez and South Nassau are sua sponte DISMISSED WITH PREJUDICE for failure to allege a plausible claim for relief pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE for failure to allege a plausible claim for relief pursuant 28 U.S.C. §§ 1915(e)(2)B)(ii), 1915A(b). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with this M&O. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this M&O, 18-CV-3564(JS)(AYS), and shall be filed within thirty (30) days from the date of this M&O. Alternatively, Plaintiff may elect to pursue only his state law negligence claims in state court, rather than amend his Complaint in this Court. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April __19__, 2019
       Central Islip, New York